RICHARD WHITE and ELIZABETH, his Wife, Plaintiffs in Error, v. JOSEPH DELSCHNEIDER, ABSALOM B. HALLOCK, WILLIAM McMILLEN, JOHN L. STARKEY and MOSES ABRAMS, Defendants in Error.

## *Error to Multnomah.*

1. Demurrer will lie for misjoinder of parties defendant.
2. If the court can make a decree, not prejudicial to the interests of parties, the objection to the misjoinder of parties will not prevail.
3. Multifariousness is a subject for demurrer.
4. A bill is multifarious, unless the parties defendant have a community of interest in at least some one material subject-matter of the suit.

IN vacation, before the May term, A. D. 1858, of the late District Court for the county of Multnomah, Richard White and wife filed in said court a petition, duly verified, of which the following is a copy, to wit :

" To the Judge of the Second Judicial District :

" Your petitioners, Richard White and Elizabeth White, show unto your honor, that about the year 1852, Orange S. Hall, late of Washington County, Oregon, departed this life, leaving petitioner his widow—who has since intermarried with petitioner, White—and Mary Hall, an infant, his only

child and heir. That during the lifetime of said deceased, and during the coverture of deceased and petitioner, Elizabeth, deceased was seised in fee, as petitioners are informed and believe, of the following described real estate, to wit: lots Nos. four (4) and five (5) in block number twenty-six, (26,) and lots numbered four (4) and five (5) in block numbered twenty-seven, (27,) according to the plot of the city of Portland, Multnomah County, Territory of Oregon.

" Petitioners show, that J. S. Delschneider claims an interest in lot five, (5,) block 26 ; and William McMillen and A. B. Hallock claim an interest in lot 4, same block.   J. L. Starkey and Moses Abrams claim an interest in parts of lots 4 and 5, block 27.

" Petitioners show, that said Elizabeth hath not in anywise disposed of, assigned, or otherwise relinquished her dower interest, or right of dower, in any of the lots aforesaid ; and petitioners show, that Dewitt C. Coleman was appointed, and is administrator *de bonis non* of the estate of said deceased.

" Your petitioners make J. S. Delschneider, Wm. McMillen, Absalom B. Hallock, Moses Abrams, J. L. Starkey, Dewitt C. Coleman and Mary Hall, aforesaid, defendants to this petition.

" Petitioners ask that the dower interest of petitioner, Elizabeth White, may, by decree of this court, be assigned and set apart unto her, out of the lots aforesaid."

The petition was demurred to by all the defendants, for the following causes :

1st. That there is a defect of parties plaintiff, inasmuch as Richard White is misjoined, as a party plaintiff, with his wife, Elizabeth White, in this suit.

2d. Richard White should be made a party defendant.

3d. There is a misjoinder of parties defendants, in this, that it appears that they have no common interest in the subject-matter of the suit; but their interests in the several pieces of property are distinct and unconnected.

The demurrer also alleges, that the petition is defective in

failing to show whether said property was aliened by said Hall. The demurrer was sustained in the court below, and judgment for costs was entered for the defendants.

*Logan*, for plaintiffs in error.

*Williams & Page*, for defendants in error.

Per WAIT, C. J. This cause comes up upon writ of error from *Multnomah* County. The errors assigned are, "that the court below erred in sustaining defendants' demurrer, and in giving judgment for defendants."

No application was made to amend the petition, and hence, if the demurrer was well taken, the judgment for costs rightfully followed the sustaining of the demurrer. From the view taken of this case, it is unnecessary to inquire further, than whether "there is a misjoinder of parties defendant." It is insisted, by counsel for plaintiffs in error, that a demurrer will not lie for a misjoinder of parties defendant; and the case of *Brownson and Wife* v. *Gifford et al.* is relied upon to sustain the position. The learned judge in that case says, that "a demurrer will undoubtedly lie for the non-joinder of the proper parties defendant, but not for the misjoinder of some, who ought not to have been made defendants, with others who are properly sued." By a careful examination of that case, it will be found that all the defendants therein had a common interest in all the property in question. The law, as applicable to that case, was unquestionably well adjudged; but that such a doctrine is applicable in equity, where the interests of the defendants are wholly distinct and unconnected, and where there is no fraud or combination, cannot be maintained upon principle. Courts of equity, upon the subject of misjoinder of parties, have been governed much by the character of the case under consideration; yet all courts of equity, and all authors upon this branch of jurisprudence, admit multifariousness to be, now as heretofore, in equity pleadings, a shoal to be avoided.

" It is not safe, however, in any case, to rely upon the mere non-joinder, or misjoinder of parties, as an objection at the hearing; for, if the court can make a decree· at the hearing, which will do entire justice to all the parties, and not prejudice their rights, notwithstanding the non-joinder or misjoinder, it will not then allow the objection to prevail. The true course, therefore, is to take it by way of demurrer, when it is apparent on the face of the bill, or, if not apparent, by plea, or by answer." (*Story's Eq. Pl. sec.* 237.)

" A bill should not be what is technically termed multifarious; for, if it be so, it is demurrable, and may be dismissed by the court of· its own accord, even if not objected to by the defendant. By multifariousness in a bill is meant the improperly joining in one bill distinct and independent matters, and thereby confounding them; as, for example, the uniting in one bill of several matters, perfectly distinct and unconnected, against one defendant; or, the demand of several matters, of a distinct and independent nature, against several defendants in the same bill." (*Story's Eq. Pl. sec.* 271; *Mitford's Eq. Pl., by Jeremy,* 181; *Cooper's Eq. Pl.* 182.)

" When the *subjects of the suit* are, in themselves, perfectly distinct, the demurrer will hold; and a plaintiff cannot bring into the compass of one suit such different objects." (6 *Johnson Ch. Rep.* 156.)

In order to entitle a complainant in chancery to join several persons as defendants, it is absolutely necessary that such persons have a community of interest in, at least, some one material subject-matter of the suit. In the subject under consideration, it does not appear that Orange S. Hall, at the time of his decease, possessed any interest in any of the property in which dower is claimed, to pass to the infant, Mary Hall; nor does it anywhere appear, that the infant, Mary Hall, has any interest in such property. Delschneider has an interest in lot five, in block 26, only. McMillen and Hal_lock have an interest, only, in lot four, in block 26. Star_key and Abrams have an interest in parts, only, of lots four and five, in block 27. Coleman is administrator *de bonis non*

of the estate of Orange S. Hall, deceased; but whether these lots constitute any part of such estate does not appear.

The interests of the defendants, as far as they have any, are distinct and unconnected, and there is no community of interest between them that authorized their being joined as parties defendants.

The judgment of the court below, therefore, should be and is affirmed.